UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| KARL DAHLSTROM, II, #269338, | ) | |
|                 Plaintiff, | ) | |
| | ) | No. 2:18-cv-101 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| S. BUTLER, *et al.*, | ) | |
|                 Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Karl Dahlstrom, a prisoner under the control of the Michigan Department of Corrections, claims that the defendants violated his civil rights. Only the retaliation claims against Defendant Butler remain. Butler filed a motion for partial summary judgment asserting that Plaintiff failed to exhaust administrative remedies. (ECF No. 23.) Plaintiff filed a motion for a preliminary injunction (ECF No. 26), a motion to strike defenses (ECF No. 38), a motion for judgment on the pleadings (ECF No. 59) and motion for judicial notice (ECF No. 60).

The magistrate judge issued a report recommending the Court partially grant Defendant's motion and deny Plaintiff's four motions. (ECF No. 64.) Plaintiff filed objections.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

    1. Defendant's motion.

The magistrate judge identifies three retaliation claims, two of which Defendant concedes have been exhausted. For the retaliation claim related to the misconduct ticket, the magistrate judge concludes Plaintiff did not assert retaliation during the proceedings or on appeal, which is necessary for administrative exhaustion under *Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011.

Plaintiff objects to this conclusion and recommendation. Plaintiff makes this objection multiple ways, none of which are persuasive (*e.g.,* filed a grievance, claim is not grievable, and *Siggers* is distinguishable). The objections are overruled. The Sixth Circuit and both the Eastern and Western Districts have followed the holding in *Siggers* when a prisoner asserts that a misconduct ticket was issued in retaliation and when a hearing on the ticket occurred. *See, e.g., Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019) (involving a major misconduct and affirming decision issued by this Court); *Ward-El v. Luckey*, No. 15-10238, 2016 WL 1253540, at *3 (E.D. Mich. Mar. 10, 2016) (report and recommendation) *adopted* 2016 WL 1242486 (E.D. Mich. Mar. 30, 2016). As a result, the remaining objections related to the resolution of Defendant's motion do not need to be addressed.

2. Plaintiff's motion for a preliminary injunction.

The magistrate judge finds multiple problems with the motion, all of which would be sufficient to deny it. A number of Plaintiff's objections are relevant to the magistrate judge's discussion of the preliminary injunction. The magistrate judge found that most, if not all, of the injunctive relief sought by Plaintiff is not related to the claims in his complaint. (R&R at 18-19 PageID.1258-59.) Plaintiff objects—#25. The objection is overruled. In this objection, Plaintiff references state law claims and other claims that are no longer part of this action. The Court also notes that the magistrate judge recommends finding that interests of identifiable third parties and the public in general weigh against injunctive relief that would disrupt the administration of the prison system. Plaintiff has not specifically objected to this finding and recommendation. With these two findings, the Court need not address Plaintiff's other objections.

3. Plaintiff's motion to strike defenses

The magistrate judge reviewed the motion and concluded that the Court can handle all of the concerns identified by Plaintiff over the course of the litigation without the need to strike any defenses, motion or statements asserted by Defendant. Although Plaintiff's document does not include any section titled in a manner that suggests he objects to this part of the R&R, some of his objections are relevant. For example, objection # 34 is an objection to defendant's affirmative defense claims. The Court finds the magistrate judge fairly described Plaintiff's motion to strike. The Court also finds the magistrate judge's recommendation is supported by law. To the extent Plaintiff's objections apply, Plaintiff has

not persuaded the Court that the magistrate judge erred in his recitation of the facts or in his conclusions of law.

    4. Plaintiff's motion for judicial notice.

Plaintiff's motion defines a host of terms. The magistrate judge concludes the motion serves no purpose and is not necessary. The Court agrees. Furthermore, the motion does not identify a single "adjudicative fact," as that term is defined in Federal Rule of Evidence 201(b). Plaintiff's objections are overruled.

    5. Plaintiff's motion for judgment on the pleadings

Plaintiff does not ask the Court for relief under Rule 12(c), the rule titled "Motion for Judgment on the Pleadings." Plaintiff cites a host of discovery rules, as well as Rule 56. He functionally asks the Court to resolve in his favor Defendant's motion for summary judgment and his own motion for a preliminary injunction. The magistrate judge recommends denying the motion for judgment on the pleadings on the basis of the specific recommendations for the motion for a preliminary injunction and the motion for summary judgment. Plaintiff's objections here do not address the facts and reasoning outlined in the report and recommendation for denying the motion for judgment on the pleadings. Plaintiff's objections are overruled.

For these reasons, the Report and Recommendation (ECF No. 64) is **ADOPTED** as the Opinion of this Court. Plaintiff's motion for a preliminary injunction (ECF No. 26), motion to strike (ECF No. 38), motion for judgment on the pleadings (ECF No. 59) and motion for judicial notice (ECF No. 60) are **DENIED**. Defendant's motion for partial summary judgment (ECF No. 23) is **GRANTED IN PART** and only the retaliation claim arising from the September 2017 misconduct ticket is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Date: March 26, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge